**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS R. GALLOWAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-611 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| JOHN R. WALTON, *Warden, Westmoreland* | ) | |
| *County Prison*, WESTMORELAND | ) | |
| COUNTY PRISON, WESTMORELAND | ) | Re:   ECF No. 9 |
| COUNTY COURTS, WESTMORELAND | ) | |
| COUNTY DA'S OFFICE, GEORGE | ) | |
| LOWTHER, *D. Security Warden*, ERIC | ) | |
| SCWARTZ, *D. Warden of Treatment*, LT. | ) | |
| PALESKI, and LT. BILL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Thomas R. Galloway, Jr. ("Plaintiff") is currently a pre-trial detainee at the Westmoreland County Prison ("WCP").   He is also subject to a detainer from the Pennsylvania Board of Probation and Parole (the "Board") for violating his parole, apparently by incurring the new pending criminal charges against him.   Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion").   ECF No. 1.   The Court provisionally granted the IFP Motion subject to Defendants' right to challenge whether Plaintiff, who is three struck, is in imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g).   ECF No. 8.

The IFP Motion was accompanied by a proposed Complaint and in the caption, identified the following defendants: 1) Westmoreland County Prisoner ("WSP"); 2) John R. Walton, Warden of WSP; 3) Westmoreland County Courts; 4) Westmoreland County; and 5) the Westmoreland County District Attorney's Office.   In the body of the proposed Complaint, Plaintiff also

1

apparently intended to name as defendants: George Lowther, the "D[eputy] Security Warden," and Eric Scwartz, the "[D]eputy Warden of Treatment".   ECF No. 1-2 at 2.

After the Court issued a Deficiency Order, Plaintiff filed a Proposed Amended Complaint. ECF No. 5.   Plaintiff's IFP Motion was granted and the Court ordered that the Proposed Amended Complaint be filed as the Amended Complaint. ECF Nos. 8, 9.   However, because the Amended Complaint violates the Rule 18 and 20 of the Federal Rules of Civil Procedure, the Court will strike certain parties and claims which are not properly joined in one civil action, albeit without prejudice to Plaintiff filing new separate civil actions with respect to the improperly joined Defendants and claims.

## I.    THE ALLEGATIONS OF THE AMENDED COMPLAINT

The caption of the Amended Complaint identifies the following as defendants: "Walton et al."; New Kensington Police Department; and Patrolman Michael McSherry.   ECF No. 9 at 1.   By use of the phrase "Walton et al." we understand Plaintiff to name as Defendants the same defendants that he had formally named in the original complaint. In addition, it appears that Plaintiff intends to name "Lt. Paleski," "Lt. Bill," and the Pennsylvania Board of Probation and Parole ("the Board") as defendants. Id. at 8 and 12. These parties are named in the body of the Amended Complaint, but not identified in the caption.

Plaintiff's claims are briefly summarized as follows.   As to Patrolman McSherry and the New Kensington Police Department, Plaintiff primarily complains of actions taken by Patrolman McSherry on January 29, 2020, in allegedly profiling Plaintiff and asking other officers of the New Kensington Police Department to engage in surveillance of Plaintiff.   Plaintiff alleges these actions led to Plaintiff's allegedly false arrest. Id. at 5 ¶¶ 1 – 2.

2

As to the Board, Plaintiff complains that it placed a detainer on Plaintiff in February 2020, despite reaching his maximum sentence date on February 23, 2020. Id. at 12 ¶ 15. Plaintiff asserts that the existence of the detainer after February 23, 2020 violates his rights.

The remaining paragraphs and defendants concern the conditions of confinement that Plaintiff experienced at WCP and his alleged inability to access the Court of Common Pleas of Westmoreland County due to the partial closure of that Court based on COVID-19.

## II.    THE AMENDED COMPLAINT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 20.

Federal Rule of Civil Procedure 20 expressly provides that defendants may be joined only where certain requirements have been met:[1]

> Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

As explained by the United States Court of Appeals for the Seventh Circuit, Rule 20 "imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted

---

[1] The Court has the inherent power to *sua sponte* raise the issue of improper joinder of parties in violation of Rule 20.  BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. April 2, 2004) ("This Court has ruled, sua sponte, that two-hundred and two Defendants in the above-captioned case have been improperly joined pursuant to Fed. R. Civ. Pro. 20").  See also Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991) (court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread)."   <u>Intercon Research Associates, Ltd. v. Dresser Industries, Inc.</u>, 696 F.2d 53, 57 (7th Cir. 1982).

Moreover, Rule 18 of the Federal Rules of Civil Procedure permits joinder of multiple claims against a party but does not trump the requirements of Rule 20. "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Wright & Miller: Federal Prac. & Proc. § 1655 (3d ed.).   <u>Accord</u> <u>Intercon</u>, 696 F.2d at 56-57.

Here, the Amended Complaint contains claims against at least three distinct sets of defendants and recounts distinct and separate events that span more than five months.   Plaintiff's legal claims include, *inter alia*: "inhumain [sic] treatment, disregard for human life, profiling because of skin color, official oppression, abuse of power, kidnapping, fraud, due process violation, extortion, risking a catastrophe, right to practice regilion [sic], illegal detainment."   ECF No. 9 at 2.

These separate and distinct events and claims cannot be said to "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and do not present some common question of law or fact with respect to all of the Defendants in this action, as required by Rule 20. <u>See</u>, <u>e.g.</u>, <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).   As the United States Court of Appeals for the Seventh Circuit explained:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims

4

against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees . . . .

Id. at 607.

In light of Plaintiff's disparate and distinct claims against unrelated Defendants, there is simply not one question of law or fact that is common to all defendants as required by Fed. R. Civ. P. 20.   The Amended Complaint, as presently constituted, therefore must be made to come into compliance with the Federal Rules of Civil Procedure.

Accordingly, for the reasons set forth herein and in the exercise of our inherent authority to control our docket, it is **HEREBY ORDERED** that:

Defendants Patrolman McSherry, and the New Kensington Police Department and the Pennsylvania Board of Probation and Parole are to be **STRUCK** as party defendants from this action.   In addition, the following paragraphs of the Amended Complaint involving allegations against these three Defendants are also to be **STRUCK**:   Paragraphs 1 – 2 at pages 5 – 6; Paragraph 1 at p. 11 under the heading of "All Property to be seized;" and, lastly, Paragraph 15 at p. 12.

This Order is entered without prejudice to Plaintiff filing separate civil actions against these now-stricken Defendants so long as the new civil actions comply with the Federal Rules of Civil Procedure.

When the Court orders service of the Amended Complaint on the remaining defendants, the Court will direct that a copy of this Order accompany service of the Amended Complaint.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.   Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219.   Failure to file a timely appeal will constitute a waiver of any appellate

rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 18, 2020

cc:      THOMAS R. GALLOWAY, JR.
         3442020
         Westmoreland County Prison
         3000 South Grand Blvd
         Greensburg, PA 15601

6