IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS R. GALLOWAY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-611 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 3 |
| JOHN R. WALTON, *Warden, Westmoreland* | ) | |
| *County Prison*, WESTMORELAND | ) | |
| COUNTY PRISON, WESTMORELAND | ) | |
| COUNTY COURTS, WESTMORELAND | ) | |
| COUNTY DA'S OFFICE, GEORGE | ) | |
| LOWTHER, *D. Security Warden*, ERIC | ) | |
| SCWARTZ, *D. Warden of Treatment*, LT. | ) | |
| PALESKI, and LT. BILL | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiff Thomas R. Galloway is a pretrial detainee incarcerated at Westmoreland County Prison ("WCP") in Pennsylvania.  Mr. Galloway is awaiting trial on state drug charges and is subject to a state parole revocation detainer.[1]  Pending before the Court is Mr. Galloway's "Motion for Nominal Bond" based upon his alleged inability to challenge his confinement or the amount of bond required for his release (currently $75,000) due to COVID-19 restrictions to court access. ECF No. 3.  Mr. Galloway asks that this Court enter an Order setting a nominal bond and ordering his release.

The Court interprets his motion as either a habeas petition pursuant to 28 U.S.C. § 2241, which permits a challenge to the authority of pretrial detention, or a motion for injunctive relief.

---

[1] *See,* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-65-CR-0000569-2020&dnh=d%2fnWjv9kLnZI8Jc%2bmjcAyw%3d%3d

Under either vehicle, Mr. Galloway has not alleged facts entitling him to federal relief relative to his state custody.

Pretrial habeas jurisdiction should be "exercised sparingly" to prevent "pre-trial habeas interference by federal courts in the normal functioning of state criminal processes." Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore v. DeYoung, 515 F.2d 437, 442 n.5 (3d Cir. 1975)).  A petitioner seeking relief must have exhausted his available state remedies and fairly present his claim to each level of the state courts.  Moore, 515 F.2d at 442-43; Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000).  If the petitioner has failed to exhaust all available state court remedies, a federal court should not exercise jurisdiction at the pretrial stage absent "a special showing of the need for such adjudication" or "extraordinary circumstances" sufficient to excuse his failure to exhaust. Moore, 515 F.2d at 442 - 46.

The Court has reviewed the state court docket and it is apparent that Mr. Galloway has not exhausted his available state court remedies.  Mr. Galloway alleges that the Court of Common Pleas of Westmoreland County is closed due COVID-19.  The docket of his criminal proceeding belies this assertion and reflects ongoing judicial proceedings, including an Order dated May 21, 2020, setting a hearing date.  See, fn. 1.  Because Mr. Galloway "still has the opportunity to raise his speedy trial and other claims during his state trial and any subsequent appellate proceedings in state court, he has failed to make a showing of any 'special' or 'extraordinary circumstances' sufficient to excuse his failure to exhaust." Cuevas v. Pa., No. 1:19-CV-1733, 2020 WL 1911511, at *3 (M.D. Pa. Apr. 20, 2020) (quoting Moore, 515 F.2d at 442 – 46). Accordingly, pretrial habeas corpus relief is not appropriate.

Mr. Galloway also fails to meet the standard for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.  An order granting a preliminary injunction is extraordinary in

nature and should issue in only limited circumstances. See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426–27 (3d Cir. 1994). The grant of such discretionary relief requires consideration of the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). The moving party bears the burden of satisfying these factors. Id.at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990).

In the instant case, Mr. Galloway has not shown that he would be irreparably harmed by continued detention at the WCP.  In this regard, he alleges only that he is in fear of contracting COVID-19.  "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify … release." Cuevas, at *4 (quoting United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020)).   A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." Angstadt ex rel. Angstadt v. Midd–West Sch., 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat....'" Continental Grp., Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted).

Furthermore, granting the requested injunctive relief requested, i.e., ordering Mr. Galloway's release or setting a nominal bond to effectuate his release, would effectively have the

court making an ad hoc, individual decision concerning the treatment of a single prisoner.  Such a decision could harm the public's interests. "In this prison context, the interest in penological order could be adversely affected if the court began dictating the place of incarceration for one inmate out of thousands in the prison system in Pennsylvania. Therefore, considerations of the harm to […] the public's interest also weighs against [Mr. Galloway] in this case." Gass v. Smith, 2014 WL 5242137, *6 (M.D. Pa. Oct. 15, 2014).

Under the circumstances presently appearing, injunctive relief in not warranted.  An appropriate Order follows:

## ORDER

This 14th day of July2020, IT IS HEREBY ORDERED that upon consideration of the Plaintiff Thomas R. Galloway's Motion for Nominal Bond, ECF No. 3, and for the reasons set forth herein, the Motion is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.  Any appeal

is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to file a timely appeal will constitute a waiver of any appellate rights.


BY THE COURT:


*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE



cc:     Thomas R. Galloway, Jr.
        3442020
        Westmoreland County Prison
        3000 South Grand Blvd
        Greensburg, PA15601