IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-611 |
| ) | Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| JOHN R. WALTON, *Warden, Westmoreland County Prison*, WESTMORELAND COUNTY PRISON, WESTMORELAND COUNTY COURTS, WESTMORELAND COUNTY DA'S OFFICE, GEORGE LOWTHER, *D. Security Warden*, ERIC SCWARTZ, *D. Warden of Treatment*, LT. PALESKI, and LT. BILL, ) ) ) ) ) ) ) ) | Re:  ECF No. 15 |
| ) | |
| Defendants. ) | |

**ORDER**

Thomas R. Galloway, Jr. ("Plaintiff"), is currently a pre-trial detainee at the Westmoreland County Prison. He is also subject of a detainer from the Pennsylvania Board of Probation and Parole (the "Board") for violating his parole, apparently by incurring the new pending criminal charges against him. Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion"). ECF No. 1. The Court provisionally granted the IFP Motion subject to Defendants' right to challenge whether Plaintiff, who is three struck, is in imminent danger of serious physical injury within the contemplation of 28 U.S.C. § 1915(g). ECF No. 8.

On June 15, 2019, Plaintiff filed an Amended Complaint. ECF No. 9. It appears from the docket that service has not yet been made on the named Defendants.

Presently before the Court is a three page hand-written document that Plaintiff has captioned "Supplemental (addendum)" (the "Motion"). ECF No. 15. In the Motion, Plaintiff appears to make a number of requests that will be addressed separately.

1. **Request for appointment of counsel**

In the first paragraph of the Motion, Plaintiff makes a general request for appointment of an attorney. Id. at 1. In Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), the United States Court of Appeals for Third Circuit provided a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. Id. at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the claimant's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation, (4) the claimant's capacity to retain counsel on his own behalf, (5) the extent to which the case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. Id. at 155-57.

In weighing these criteria, the Court notes that Plaintiff is an experienced pro se litigator, having filed at least 11 pro se actions in the Western District of Pennsylvania, as revealed by a search on PACER.  In the Amended Complaint, ECF No. 9, which is currently the operative Complaint, he submits a laundry list of allegations that lack a common question of law or fact with respect to all parties, in violation of Fed. R. Civ. P. 18 and 20.   This violation of the Rules resulted in the Court striking certain claims and parties.   The remaining claims concern the conditions of Plaintiff's pre-trial confinement.   The Court finds that Plaintiff has the adequate ability to present his own case.   The Court finds that the relevant legal issues are not difficult.   Furthermore, Plaintiff can adequately aver from personal experience what conditions he is allegedly facing and

would not need much further factual investigation and, to the extent that he would, discovery would be available to him. The Court also notes that because Plaintiff is three struck, ECF No. 8, there is a simple threshold question that must be addressed if the Defendants challenge the conditional grant of his Motion to Proceed In Forma Pauperis, namely, whether the conditions he faces places Plaintiff in imminent risk of physical injury. Weighing all the Tabron factors, the Court concludes that Plaintiff has not carried his burden to show that he merits the appointment of counsel. Accordingly, Plaintiff's request for counsel is denied.

2. **Request to convert this case to a class action**

In the first and second paragraphs of the Motion, Plaintiff references this case as a class action and requests that "this above action to be a class action" to effectuate changes at the Westmoreland County Prison. ECF No. 15 at 1. A review of the docket and the Amended Complaint reveals that Plaintiff did not file a class action complaint nor did he make any allegations in the Amended Complaint relative a plaintiff class. No motion for class certification was filed. As such, this request is denied.

3. **Request to add claim for staph infection**

In the third paragraph of the Motion, Plaintiff raises for the first time that he is suffering from a "staff" infection, which we take to mean a staph infection. Id. Plaintiff seeks to add this new claim that was not previously asserted in the Amended Complaint. Upon review, Plaintiff has already filed an Amended Complaint, as was his right, however, he may not file another amended complaint or add claims to the Amended Complaint without leave of Court. Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party). Of note, Defendants have not yet been served with the

Amended Complaint. As such, in the exercise of discretion, the Court construes this portion of the Motion as a motion to amend and grants Plaintiff's request to file a Second Amended Complaint. Leave to amend is granted only to add this deliberate indifference to serious medical need claim relative to the staph infection. The Second Amended Complaint must be filed by October 23, 2020.

4. **Request for injunctive relief**

Finally, to the extent that Plaintiff seeks injunctive relief in the fifth paragraph of the Motion, the motion is denied without prejudice to Plaintiff filing a formal motion for preliminary injunction after the Second Amended Complaint is filed.

AND NOW, this 30th day of September, 2020, it is HEREBY ORDERED that Plaintiff's "Supplemental (addendum)" construed as a motion seeking multiple forms of relief is GRANTED IN PART and DENIED IN PART, for the reasons set forth herein.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: THOMAS R. GALLOWAY, JR.
3442020
Westmoreland County Prison
3000 South Grand Blvd
Greensburg, PA 15601