IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-611 |
| ) | District Judge Nora Barry Fischer |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| JOHN R. WALTON, *Warden, Westmoreland* ) | Re: ECF Nos. 112 and 115 |
| *County Prison*, WESTMORELAND ) | |
| COUNTY PRISON, GEORGE LOWTHER, ) | |
| *D. Security Warden*, ERIC SCWARTZ, *D.* ) | |
| *Warden of Treatment*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM ORDER**

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Thomas R. Galloway, Jr. ("Plaintiff") brings this *pro se* civil rights action against Westmoreland County Prison ("WCP") and three of its officials – Warden John R. Walton, Deputy Security Warden George Lowther, and Deputy Warden of Treatment Eric Scwartz – alleging that each violated his constitutional and statutory rights by: (1) interfering with the exercise and practice of his faith, (2) failing to properly clean the WCP or provide inmates cleaning products to protect against infection, and (3) unlawfully confiscating funds from his inmate account for the payment of court-ordered fines and costs. ECF No. 30.

Presently before the Court is Defendants' Motion to Compel Discovery Responses, ECF No. 112, and Plaintiff's correspondence that the Court shall construe as a Motion for a Protective Order, ECF No. 115. Upon review of the motions and exhibits attached thereto, and for the following reasons, Defendants' Motion to Compel is granted in part and denied in part, and Plaintiff's Motion for a Protective Order is denied.

1

## II.     LEGAL STANDARD

The Court's disposition of the pending motions is guided by the breadth of permissible discovery. Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

"A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Naranjo v. T. Walter, No. 1:20-CV-918, 2021 WL 4226062, at *3 (M.D. Pa. Sept. 16, 2021), citing Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Consideration of the pending motions therefore requires a determination of whether the requested information is relevant. "Evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action.'" In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig., No. 13-MD-2445, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016), quoting Fed. R. Evid. 401.

"Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment." Johnson v. Holt, Nos. 15-336 & 15-337, 2016 WL 74818, at *1 (M.D. Pa. Jan. 7, 2016). Thus, decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Id., citing Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). It is clear, however, that that the Court's discretion is restricted by valid claims of relevance and privilege. Id. See Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("[a]lthough the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits .... Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relates to confidential or privileged information") (internal quotations and citations omitted).

### III.  DISCUSSION

In the course of discovery relative to Plaintiff's remaining claims, Plaintiff objects and refuses to answer many of Defendants' interrogatories and requests for production of documents. Plaintiff's opposition rests primarily on two grounds: (1) Defendants are inappropriately inquiring into the sincerity of his claimed adherence to the Jewish faith; and, (2) certain requested documents are not in his possession or could not be copied as a result of his incarceration, or are already in Defendants' possession.  ECF Nos. 112-2, 112-3, 112-4, 112-5, 115.

Regarding Plaintiff's exercise of religion claim, Plaintiff objects to Defendants' Interrogatory Nos. 12, 13, 14, 15, 16, 18, and 20, which inquire into Plaintiff's history of practicing the Jewish faith. ECF No. 112-4. Rather than respond to each inquiry, Plaintiff states that his adherence to the Jewish faith "has already been proven" through records obtained from the

Commonwealth of Pennsylvania Department of Corrections and thus the sincerity of his religious beliefs "is not in question." Id.; see also, ECF No. 115.

Plaintiff's assertions to the contrary, discovery related to Plaintiff's practice of the Jewish faith is quite relevant to Defendants' claim that he desired Kosher meals for nonreligious reasons. To that end, the United States Court of Appeals for the Third Circuit has recognized a "clearly established" right to "a religiously-motivated diet, so long as the views underlying the diet are '(1) sincerely held, and (2) religious in nature, in [his] scheme of things.'" Parkell v. Senato, 704 F. App'x 122, 127 (3d Cir. 2017) (quoting DeHart v. Horn, 227 F.3d 47, 52 (3d Cir. 2000), and Africa v. Pennsylvania, 662 F.2d 1025, 1029 (3d Cir. 1981)). As such, Defendants may properly explore these factors and the Motion to Compel is therefore granted as to Interrogatory Nos. 12, 13, 14, 15, 16, 18, and 20. Plaintiff shall provide full and complete responses to each question in the form requested. Given the Court's resolution of Defendants' Motion to Compel, Plaintiff's Motion for Protective Order regarding inquiry into his faith is denied.

Defendants also seek to compel complete responses to interrogatories concerning his criminal record (Interrogatory No. 9), incarceration history (Interrogatory No. 17), and educational background (Interrogatory No. 21). Plaintiff raises relevance objections, but does not argue that any privilege bars production. ECF No. 112-4. Defendants' discovery requests "reasonably could lead to other matter that could bear on [] any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Plaintiff's responses may provide information regarding other instances of incarceration when Plaintiff did not request Kosher meals, or may provide information regarding Plaintiff's awareness of his ongoing restitution obligations. Under these circumstances, Defendants' Motion to Compel is granted as to Interrogatory Nos. 9, 17 and 21. Plaintiff shall provide full and complete responses to each question in the form requested.

4

Next, Defendants seek to compel responses to Requests for Production of Documents Nos. 1-4 and 6-10. These requests generally seek copies of all documentation supporting Plaintiff's claims, including his requests for religious accommodation and any complaints or correspondence related thereto; requests and complaints regarding COVID-19 pandemic mitigation measures; requests and complaints regarding the removal of funds from his inmate account; and copies of all documents prepared, referred to, or relied upon in connection with this litigation. ECF No. 112 at 5-6. Plaintiff responds that much of the requested documentation are not in his possession and had been mailed home, are not retained pursuant to WCP policy, are available on the docket of this matter, or may be in Defendants' prison records. Id.; and see, 112-2.

Plaintiff was released from Westmoreland County Prison on September 14, 2021. Thus, he should have access to documents he mailed home for safekeeping, including documents referenced in Request for Production No. 1 (related to requests for Kosher meals); Request for Production No. 6 (related to witness statements); and Request for Production Nos. 8 and 9 (related to documents relied upon in preparing the complaint and various motions filed in this litigation). Plaintiff's objections related to these documents are overruled, and Defendants' Motion to Compel is granted. Plaintiff shall compile the requested documents that are in his possession, and serve a copy of each on Defendants.

Plaintiff has adequately responded to Request for Production No. 2 (seeking copies of all documentation related to his request for a Rabbi); Request for Production No. 3 (seeking copies of any communication from or to Plaintiff regarding the COVID-19 pandemic); No. 4 (seeking copies of communication related to his inmate account). Plaintiff asserts that all such documentation is retained by WCP in its files. The Court cannot compel production of items not

in Plaintiff's possession or control and thus, the Motion to Compel as to Request for Productions Nos. 3, 4, and 4 is denied.

Defendants also seek to compel a response to Request for Production No. 7 seeking copies of all expert reports. Plaintiff has not responded and thus far has not indicated that an expert has been retained in aid of this litigation. Thus, the Court will not compel a response at this time.

Plaintiff is directed to respond to the Interrogatories and Requests for Production of Documents as instructed in the Memorandum Order by October 21, 2021.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

So ordered this 6th day of October, 2021.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Nora Barry Fischer
      United States District Judge

      Thomas R. Galloway, Jr.
      2116 Chalfant Street
      Pittsburgh, PA 15221

      All counsel of record via CM/ECF