IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. GALLOWAY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-611 |
| ) | Senior Judge Nora Barry Fischer |
| JOHN R. WALTON, et al., ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM ORDER**

Presently before the Court is a Report and Recommendation filed by United States Magistrate Judge Maureen P. Kelly on July 11, 2022 recommending that the Motion for Sanctions filed by Defendants Warden John R. Walton, the Westmoreland County Prison, Deputy Security Warden George Lowther, and Deputy Warden of Treatment Eric Schwartz be granted and that Plaintiff Thomas R. Galloway, Jr.'s remaining claims in his Second Amended Complaint be dismissed for failure to prosecute after weighing the relevant factors under *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). (Docket No. 144). Magistrate Judge Kelly detailed the procedural history of this matter and Plaintiff's repeated failures to follow court orders including the Court's explicit directives for him to: respond to Defendants' discovery requests; respond to the motion for sanctions; file a Pretrial Statement; and show cause why sanctions should not be imposed. (*Id.*).

As Magistrate Judge Kelly recounted:

> Throughout the litigation of this case, Plaintiff has consistently refused to respond to discovery requests seeking information regarding the elements of his claims, and has ignored Court orders to do so. This Court determined that Defendants are entitled to full and complete responses to Interrogatory Nos. 9, 12, 13, 14, 15, 16, 17, 18, 20, and 21, as well as Requests for Production 1, 6, 8, and 9, and directed Plaintiff to respond. ECF

> No. 122 at 3-5. Despite the clarity of this direction, Plaintiff has not provided a response.

(Docket No. 144 at 6). Magistrate Judge Kelly noted that Plaintiff is personally responsible for prosecuting his case; there was a clear history of dilatoriness based on the record; that his repeated failure to respond to Court orders was willful; that Defendants were prejudiced because they were unable to investigate Plaintiff's claims and any available defenses given his refusal to respond to the discovery requests; and that there were no other alternative sanctions available to remedy his wrongs. (*Id*.). After considering each of the *Poulis* factors in detail, Magistrate Judge Kelly held:

> On balance, the Court concludes that at least five of the six Poulis factors support dismissal, with the remaining factor (meritoriousness of claim) not weighed in favor of dismissal. While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff refuses to permit his claims to fairly proceed. Consequently, the Court concludes that on the record presented here, the extreme sanction of dismissal is supported by the Poulis factors.

(Docket No. 144 at 8).

At the conclusion of the Report and Recommendation, Magistrate Judge Kelly ordered that any objections to same be filed within 14 days or by July 25, 2022 for ECF users, and by July 28, 2022 for non-ECF users such as Plaintiff. (*Id*.). On July 28, 2022, Plaintiff filed his "Answer to Defendants (sic) Motion for Sanctions" (Docket No. 145) and a motion for summary judgment, (Docket No. 146). However, Plaintiff's submissions are unresponsive to the Report and Recommendation and largely parallel his prior insufficient filings in this case. To that end, the motion for summary judgment is identical to the two previously filed motions for summary judgment which remain pending and were discussed in the Report and Recommendation.

(*Compare* Docket No. 146 *with* Docket Nos. 135, 142). Plaintiff's Answer simply declares that the fact that he "has not presented items" (i.e., discovery responses) is not the issue and parrots the allegations in this lawsuit. (Docket No. 145). He took a similar position with his responses to the motions to compel in this case, all of which were overruled by Magistrate Judge Kelly in her orders directing him to respond. (Docket Nos. 122, 127). All told, Plaintiff has still ignored Magistrate Judge Kelly's orders and failed to: respond to Defendants' Interrogatory Nos. 9, 12, 13, 14, 15, 16, 17, 18, 20, and 21, as well as Requests for Production 1, 6, 8, and 9; file his Pretrial Statement; or provide any explanation as to why he has failed to timely do so. Accordingly, the Court finds even if Plaintiff's current submissions are broadly construed as Objections, the same are unresponsive and without merit.

Upon independent review of the record and consideration of Magistrate Judge Kelly's Report and Recommendation of July 11, 2022, which is ADOPTED as the opinion of this Court,

IT IS HEREBY ORDERED that Defendants' Motion for Sanctions [130] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's "Objections" [145], [146] are OVERRULED;

IT IS FURTHER ORDERED that Plaintiff's remaining claims in Plaintiff's Second Amended Complaint [30] are DISMISSED, with prejudice, for failure to prosecute, in light of the facts and circumstances of this case and the relevant factors under *Poulis* set forth by Magistrate Judge Kelly which are further buttressed by Plaintiff's failure to submit meaningful objections to the Report and Recommendation of July 11, 2022 as of the date of this Order, or to cure the defects outlined by Magistrate Judge Kelly therein;

IT IS FURTHER ORDERED that the Motions for Summary Judgment filed by Plaintiff

(Docket Nos. 135, 142, 146) are DENIED, as moot;

       IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED; and,

       FINALLY, IT IS ORDERED that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

       *s/ Nora Barry Fischer*
       Nora Barry Fischer
       Senior U.S. District Judge

Dated: August 17, 2022

cc/ecf: United States Magistrate Judge Maureen P. Kelly

       All counsel of record.

cc:    Thomas R. Galloway, Jr.
       700 Beulah Road
       Pittsburgh, PA 15235
       (via first class mail)